## HOIT *v.* THE STRATTON MILLS.

If the grantee of the absolute title to growing timber enters and removes
the timber after the expiration of a reasonable time for its removal, he
is liable in trespass to the owner of the land for such entry, and for the
damage done to the land thereby, but not in that action for the damage
done to the owner of the land by the trees remaining upon the land
after the expiration of a reasonable time for their removal.

If in such a sale of growing timber it was to be paid for when taken, at a
given price per thousand feet, then the owner of the land could not
recover in trespass for the value of the timber, nor for the increased
growth of the timber after the expiration of such reasonable time for its
removal ; but he might recover in that action for the increased value of
the increased growth of the timber, after the expiration of such reason-
able time.

See opinion in same case, *ante*, page 109.

TRESPASS, *quare clausum*, by Sophia V. Hoit, administratrix of Rebecca
Very, against The Stratton Mills, for breaking and entering the plain-
tiff's close and taking timber therefrom, between April 1, 1866, and

February 28, 1870. There was also a count in trespass *de bonis* for taking timber and wood. Plea, the general issue, with a brief statement of defence, that the defendants entered under a license to remove the timber, which was the property of the defendants. It appeared that Rebecca Very owned the *locus in quo* prior to February 28, 1870; and that the defendants, in 1868, 1869, and in January and February, 1870, cut timber on the premises and carried it away. The defendants introduced a deed from Rebecca Very and her husband to Alonzo Kingsley, dated October 29, 1863. In said deed, the grantors, for a consideration of one thousand dollars, " grant and convey to said Kingsley, his heirs and assigns forever, all the oak timber, pine timber, chestnut timber,. and hemlock timber, standing and lying and being on " certain described tracts of land, of which the *locus in quo* was one, " to have and to hold the same, with all the privileges and appurtenances thereto belonging, including the right to enter said premises to take and remove said timber, at any time not inconsistent with the provisions hereinafter named, to him said Kingsley, his heirs and assigns forever." (Full covenants of warranty.) "And the said grantors hereby agree to deliver said timber on the bank of the Ashuelot river, and pile the same above high water mark, below Luther Lawrence's house, and pay all charges for rent and occupation of land used in piling said timber, at the following prices: The oak timber for ten dollars ($10) per thousand feet; the hemlock timber for five dollars ($5) per thousand feet; the pine timber for ten dollars ($10) per thousand feet; the chestnut timber for ten dollars ($10) per thousand feet; all to be measured by caliper measure, the said thousand dollars to be reckoned as payment as far as it will go, at the above rates. And the timber on the first lot is to be delivered on or before April 1, 1864; the timber on the other lots [including the *locus in quo*] to be delivered in equal portions, April 1, 1865, and April 1, 1866, or sooner, if the parties may so agree. And in case the grantors fail or refuse to deliver said timber as above stated, the grantee, or his heirs and assigns, may enter said premises and take said timber, deducting from said prices a reasonable allowance for taking off the same. It is not intended hereby to convey the wood, but such part of the trees as are suitable for timber in manufacturing." This deed was duly witnessed, acknowledged, and recorded. January 20, 1866, Kingsley conveyed by deed to Silas Hardy all his rights under the above deed; and on November 12, 1868, Silas Hardy conveyed by deed said rights to the defendants.

The defendants asked the court to instruct the jury, that if they should find that the defendants had not removed the timber from the premises within a reasonable time after April 1, 1866, the defendants were not liable to the plaintiff in this form of action for damage to her land by reason of the defendants' trees occupying the same, nor for the increased growth of the trees after the expiration of such reasonable time, which the court declined to do;—but the court instructed the jury as follows: that the defendants had the right to

enter and take the timber within a reasonable time after April 1, 1866; that what would be a reasonable time was a question of fact for the jury; that the property in the trees suitable for timber remained in the defendants after the expiration of such reasonable time; that if the defendants did not remove the timber within such reasonable time, they would be liable to the plaintiff for the damage occasioned thereby; that, as to the timber cut before the expiration of such reasonable time, but not removed till afterwards, the measure of damages is the actual damage occasioned by such entry, such as the injury to fences, disturbance of the soil, trampling down of growing grass, injury or destruction of young trees, and the like, but not the value of such timber; that, as to the timber cut and removed after the expiration of such reasonable time, the measure of damages is the actual damage occasioned by such entry as above explained, and for the damage to her land by its being occupied by the trees after the expiration of such reasonable time, so as to prevent her cultivating or pasturing or otherwise using the land; and that as to the trees cut and removed after the expiration of such reasonable time, the plaintiff would not be entitled to recover for the value of their increased growth after the expiration of such reasonable time, provided the market value of such timber had not increased afterwards, because, by the terms of the sale, she would be paid for the increased growth in the increased measure of the timber at the stipulated price per thousand feet; but if the market value of such timber had increased afterwards, the plaintiff would be entitled to recover in this action for the increased value of the increased growth after the expiration of such reasonable time.

To the refusal to instruct, and to the instructions given, the defendants excepted.

Verdict for the plaintiff for $18.33.

By direction of the court, the jury returned a special verdict that the damage, by reason of the occupation of her land by the trees after the expiration of such reasonable time, was $9, and that the increased value of the increased growth of the trees after the expiration of such time was $8.33, said sums of $9 and $8.33 being included in the general verdict of $18.33.

Motion by the defendants to set aside the verdict. Case reserved.

*Wheeler & Faulkner,* for the defendants.

*Cushing* and *Albee,* for the plaintiff.

SARGENT, C. J. The instructions asked for should have been given, with the modification of the last clause as to the increased value of the increased growth. The damages for leaving the timber on the plaintiff's land beyond the reasonable time for its removal, cannot, by any rule that we are aware of, be recovered in this action of trespass under either count in the declaration. This damage had all accrued before the trespass complained of, and was not in any way increased

or affected by the trespass, either of breaking and entering or of carrying away. This damage may, no doubt, be recovered in some form of action, but not in this.

The instructions, in regard to the reasonable time within which the timber should have been removed, were correct, and also the instructions in relation to the timber cut before the expiration of such reasonable time, but not removed till afterwards. As to the timber cut and removed after the expiration of such reasonable time, the instructions should have been that the measure of damages would be the actual damage occasioned by such entry as above explained; and if the market value of such timber had increased after the expiration of such reasonable time, the plaintiff would be entitled to recover in this action for the increased value of such increased growth, but not for the increased growth itself, because that would be paid for in the increased measure of the timber at the agreed price per thousand,—not, in this action, for the damage to her land by its being occupied by the trees after the expiration of such reasonable time, though the latter might be recovered in some other form of action.

At first it seemed somewhat doubtful about recovering the increased value of the increased growth in this action, but upon further consideration we are satisfied that this increased value was simply the gain which the plaintiff had been enabled to realize from his wrongfully using the plaintiff's land to afford nourishment to his trees, and that the plaintiff should have had a lien upon the timber till such extra charge was paid, and that the defendants, by taking away this increased value of the increased growth, without right, would be liable for the same in this form of action.

If a *remittitur* of the nine dollars be entered, the plaintiff may have judgment for the one dollar damages done to the land by the entry, and the eight dollars and thirty-three cents the increased value of the increased growth of the timber. In that way there may be

*Judgment on the verdict.*